IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>Love's Travel Stops & Country Stores, Inc., an Oklahoma corporation,<br><br>        Defendant. | Case No. CV 07-01843-PHX-ROS<br><br>**ORDER** |

Having considered the parties' Joint Motion for Entry and Approval of Consent Decree, and good cause appearing,

**IT IS ORDERED** Motion (Doc. 108) **IS GRANTED.** The Court enters and approves the following Consent Decree:

The United States Equal Employment Opportunity Commission (the "Commission" or "EEOC") filed this action against Love's Travel Stops & Country Stores, Inc., an Oklahoma corporation, ("Love's" or "Defendant") to enforce Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII) and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

In the action 2:07-CV-1843 PHX-ROS, the EEOC filed a Complaint under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a against Love's Travel Stops & Country Stores, Inc. to correct allegedly unlawful

employment practices on the bases of sexual harassment and to provide appropriate relief to Sarah Gregoire and Monica Day who claim to have been adversely affected by such practices. The Commission alleged Ms. Gregoire and Ms. Day were subjected to sexual harassment and a hostile work environment by customers at Love's facility located at 1610 South Miller Road, Buckeye, Arizona (hereafter "Buckeye") location. The Commission further alleges that although the women made repeated complaints to management, no action was taken. Love's denies the Commission's allegations.

The parties do not object to the jurisdiction of the Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law. In the interest of resolving this matter and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Decree.

It is hereby ORDERED, ADJUDGED, and DECREED:

1. This decree resolves all claims of the Commission against Defendant, including back pay, compensatory and punitive damages, interest, injunctive relief, and attorney's fees and costs arising out of the issues in this lawsuit. The parties agree that this Consent Decree does not constitute an admission of any violation of Title VII of the Civil Rights Act of 1964 as amended.

## **INJUNCTION**

2. Defendant, and its officers, agents, employees, successors, assign and all persons in active concert or participation with it, both at the time that this Decree becomes effective and for the duration of this Decree, are permanently enjoined from (a) sexually harassing any employee or temporary employee; (b) tolerating a hostile work environment created by sexual harassment by third parties, including, but not limited to, customers, suppliers, or vendors; and (c) retaliating against any employee or temporary employee because he or she (i) opposes or opposed discriminatory practices made unlawful by Title VII, (ii) files or filed a charge or is assisting or has assisted or is participating or has assisted or has participated in the filing of a charge of discrimination, or (iii) assists, assisted

participates or participated in an investigation or proceeding brought under the federal or state laws prohibiting discrimination or retaliation.

## MONETARY RELIEF

3. In order to resolve all issues and claims of employment discrimination and damages to Ms. Gregoire and Ms. Day which arose or could have arisen from the Complaint filed by the Commission, Defendant agrees to pay $70,000.00 (seventy-thousand dollars) in compromise of the disputed claim.

4. Within ten (10) business days after the Parties receive notice that this Consent Decree has been entered by the Court, Defendant shall pay the gross sum of $38,500 to Ms. Gregoire and $ 31,500 to Ms. Day.  Defendant shall not condition the receipt of the individual relief on Ms. Gregoire's and Ms. Day's agreements to (a) maintain as confidential the terms of this decree, (b) waive their statutory right to file a charge with any federal or state anti-discrimination agency for incidents subsequent to the entry of this Order, or (c) waive their right to apply for a position with Defendant.

5. The payments provided in Paragraphs Three and Four of the Decree represents settlement of compensatory damages.  Defendant shall make no deductions from this amount.  Defendant will issue the appropriate tax forms.

6. The payments provided for in Paragraphs Three and Four of this Decree shall be mailed directly by Defendant to Ms. Gregoire and Ms. Day at the address supplied by the Commission.  Within three business days of issuance of the check, Defendant shall submit a copy of the check and related correspondence to the Regional Attorney, Equal Employment Opportunity Commission, 3300 N. Central Avenue, Suite 690, Phoenix, Arizona 85012.

## OTHER RELIEF

7. Defendant shall expunge from the personnel files of Ms. Gregoire and Ms. Day all references to the charge of discrimination filed against Defendant or to their participation in this action and all derogatory documents which relate to complaints or investigations of complaints of sexual harassment.

8. Defendant shall provide Ms. Gregoire and Ms. Day with a neutral written

employment reference, attached as Exhibit A. The written employment references shall be delivered to the Regional Attorney within thirty (30) days of the entry of this Decree and shall be printed on Defendant's letterhead and signed by Defendant's Director of Human Resources.

9.      Within thirty (30) days of the entry of this Decree, Defendant shall provide Sarah Gregoire and Monica Day with a personalized copy of the letter of regret, attached as Exhibit B. The signed letter must be printed on Defendant's letterhead and signed by Defendant's Director of Risk Management. The letters of regret shall be delivered to the Regional Attorney within thirty (30) days of the entry of this Decree.

10.     Defendant shall institute and carry out policies and practices that help assure a work environment free from sexual harassment of its employee and that allow employees to raise concerns or complaints without retaliation about matters, whether alleged, perceived, or actual, made unlawful by Title VII. To assist Defendant in its efforts to assure a work environment free of sexual harassment and retaliation, Defendant shall take the actions provided in Paragraphs Eleven (11) through Paragraph Eighteen (18) of this Decree.

## **DEFENDANT'S CORRECTIVE POLICIES AND PRACTICES**

11.     Within sixty (60) days of the entry of this Decree, Defendant shall post for the duration of this Decree, in a prominent place frequented by its employees at its Buckeye facility, the notice attached as Exhibit C. The notice shall be the same type, style, and size a Exhibit C.

12.     Within sixty (60) days of the entry of this Decree, Defendant shall post for the duration of this Decree, in a prominent place frequented by its customers at its Buckeye facility, the notice attached as Exhibit D. The notice shall be the same type, style, and size as Exhibit D.

13.     Within ninety (90) days of the entry of this Decree, Defendant shall provide training to the employees (whether part-time or full-time), supervisors and managers of its Buckeye facility, Bob Greufe, and Arizona managers supervised by Bob Greufe (including, but not limited to, district managers, general managers, and managers having the

responsibility of enforcing Love's sexual harassment policy) on sexual harassment and retaliation, according to the following terms:

     A.    Defendant shall retain and pay for a consultant/lecturer who shall provide consultation and training for a period of two (2) years from the date of this Decree.  This consultant/trainer shall be an attorney specializing in the field of employment discrimination law.  During each of the next two years, Defendant shall mandate that all of Defendant's employees, supervisors, and managers employed or having responsibility for its Buckeye, Arizona facility, whether permanent employees, seasonal employees, full-time employees, or part-time employees, shall attend a live-seminar training, or the videotaped showing of the live session, conducted by this consultant/lecturer.  These seminars will be focused on how to identify, report, and document sexual harassment (including sexual harassment by customers, suppliers, or vendors) and retaliation observed or experienced by employees.  These seminars will also discuss disciplinary actions that will be taken against any employee who engages in sexual harassment or retaliation.  Defendant may, at its election, have duplicative videotaped sessions to accommodate staffing needs.  Defendant shall be responsible for any additional costs to provide such duplicative sessions.  In addition to the two live sessions discussed above, a video tape of a training session shall be shown to each newly hired employee during the next two years.

     B.    In addition to the training discussed in Paragraph 13(A) above, all human resources, supervisory, and managerial staff who have responsibilities over any employees of Defendant at its Buckeye facility, Bob Greufe, and Arizona managers supervised by Bob Greufe (including, but not limited to, district managers, general managers, and managers having the responsibility of enforcing Love's sexual harassment policy) shall attend a minimum-two-hour live training on preventing, identifying, investigating, and addressing sexual harassment (including sexual harassment by customers, suppliers, or vendors) and retaliation in the workplace during each of the next  two years.  This training shall be conducted by the consultant/trainer retained by Defendant pursuant to Paragraph 13(A) above.

    C. During the first year, 2010, the seminar-training sessions shall be conducted within six (6) months of the entry of this Decree. For the second year, the seminar-training sessions shall be conducted between ten (10) and thirteen (13) months after the completion of the preceding session.

    D. The seminar-training session discussed in Paragraph 13(A) shall be no less than sixty (60) minutes, plus fifteen (15) to thirty (30) minutes of questions and answers. All personnel designated in Paragraphs 13(A-B) shall sign a registry of attendance. Defendant shall retain these registries for the duration of the Decree.

    14. Defendant agrees to provide the training material to the EEOC upon written request.

    15. Defendant shall designate, for the duration of this Consent Decree, an organization or person(s) to receive and forward complaints of discrimination from its employees.

    16. Within thirty (30) days of the entry of this decree, Defendant shall create and implement, if such a policy does not already exist, a written policy concerning sexual harassment and retaliation that conforms with the law. This written policy must include, at a minimum:

    A. A strong and clear commitment to a workplace free of sexual harassment and retaliation;

    B. Clear and complete definitions of sexual harassment, both quid pro quo and environmental, and retaliation;

    C. A strong and clear encouragement of persons who believe they have been harassed or retaliated against to come forward;

    D. A description of the consequences, up to and including mandatory counseling and/or termination, that will be imposed upon violators of the policy;

    E. A description of the consequences, up to and including being refused service, that will be imposed upon customers, vendors, suppliers, or other third parties that violate the policy.

F.  A promise of maximum feasible confidentiality for persons who believe that they have been harassed or retaliated against;

G.  An assurance of non-retaliation for witnesses of sexual harassment and persons who believe they have been sexually harassed;

H.  That sexual harassment by all persons, including management officials, supervisors, vendors, suppliers, third parties, and customers is prohibited and will not be tolerated;

I.  The identification of specific individuals, with their telephone numbers, to whom employees who have been sexually harassed or retaliated against can report the sexual harassment or retaliation, including a written statement that the employee may report the harassment to designated persons outside their chain of management;

J.  Assurances that Defendant will investigate sexual harassment and retaliation allegations promptly, fairly, reasonably, and effectively by appropriate investigators and that appropriate corrective action will be taken by Defendant.

17.  These policies, referred to in Paragraphs 16(A)-(J) above, shall be distributed to each current employee of Defendant's facility in Buckeye, Arizona within ninety (90) days of the entry of the Decree.  These policies shall be distributed to all new employees when hired.  These policies also shall be posted in a prominent place frequented by the employees and shall include a toll-free phone number that employees may use to reach individuals designated to receive complaints of discrimination and answer questions concerning discrimination on behalf of Defendant.

18.  Defendant shall promptly and appropriately respond to all complaints of sexual harassment (including sexual harassment by customers, suppliers, or vendors) and/or retaliation.  The response must include an investigation and interviews of all potential victims and witnesses identified, and detailed concurrent notes of the investigation.  Where the complaint is substantiated, Defendant shall take immediate appropriate corrective action.

**REPORTING BY DEFENDANT AND ACCESS BY EEOC**

19.  Defendant shall report in writing and in affidavit form to the Regional Attorney

of the Commission's Phoenix District Office at 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012, beginning six (6) months from the date of the entry of this Decree, and thereafter every six (6) months for the duration of the Decree, the following information:

    A.    Any changes, modifications, revocations, or revision to its policies and procedures that concern or affect the subjects of sexual harassment and/or retaliation;

    B.    The name, home address, position, and home telephone number of any individual, employed at the Buckeye facility, who has brought allegations of sexual harassment to the attention of Defendant's management personnel responsible for the Buckeye facility, formal or informal, including but not limited to, management officials, vendors, agents, employees and/or customers, during the six (6) months preceding the report. The nature of the complaint, investigatory efforts made by Defendant, and the corrective action taken, if any, shall be specified;

    C.    Confirmation that (i) the Notice required in Paragraphs Eleven (11) and Twelve (12) of this Decree was posted and the locations where it was posted; (ii) the policies required in Paragraph Sixteen (16) of this Decree were posted and distributed to each current and new employee; (iii) the expungement from the personnel files required in Paragraph Seven (7) of this Decree took place, the date of the expungement, and the specific documents expunged; (iv) the trainings required by Paragraph Thirteen (13) were completed in accordance with that paragraph; and (v) the investigation and response requirements to complaints of discrimination in Paragraph Eighteen (18) were fulfilled.

    D.    A copy of the revised policy required in Paragraph sixteen (16) of this Decree shall be provided with the first report;

    E.    A copy of the written employment reference mailed pursuant to Paragraph eight (8) shall be provided with the first report;

    20.    The Commission, upon ten (10) days written notice to Defendant's counsel, shall have the right to enter and inspect Defendant's premises to ensure compliance with this Consent Decree and Title VII's prohibition of sexual harassment and retaliation.

## COSTS AND DURATION

21. Each party shall bear its costs and attorney's fees incurred as result of this action through the filing of this Decree.

22. The duration of this Decree shall be (2) years from its entry.

23. In the event that the Commission believes that Defendant has failed to comply with any provision(s) of the Decree, the Commission shall notify Defendant in writing of the alleged non-compliance, which notice shall state that it is being given pursuant to this Paragraph twenty-three (23) of this Decree and shall be sent by fax and by first-class mail both to the counsel and the corporate officers who sign this Decree on behalf of Defendant, using the fax numbers and addresses shown in connection with their signatures below.

24. Should the Court determine that Defendant has not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy Defendant's non-compliance, may be ordered. This Decree shall expire by its own terms at the end of) twenty four (24) months from the date of entry, without further action by the parties.

25. The parties agree to entry of this Consent Decree and judgment subject to final approval by the Court.

**FURTHER ORDERED** all pending motions (Docs. 84, 85, 86, 88) **ARE DENIED** as moot. The Clerk of the Court shall close this case.

Dated this 27th day of July, 2010.

_____
Roslyn O. Silver
United States District Judge